UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDNA D. FORDHAM, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 11-1894 (ABJ) |
| FANNIE MAE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

On October 27, 2011, plaintiff brought an action against her employer, defendant Fannie Mae, alleging that the defendant retaliated against her for complaining about race discrimination in violation of 42 U.S.C. § 2000e-3(a). Compl. [Dkt. # 1]. On January 6, 2012, defendant moved to compel arbitration in accordance with the terms of plaintiff's employment application and Fannie Mae's offer letter, both of which referenced the Fannie Mae Dispute Resolution Policy. Def.'s Mot. to Compel Arbitration [Dkt. # 5, 5-3, 5-4] ("Mot. to Compel"). Plaintiff informed the Court that she did not oppose defendant's motion, Pl.'s Resp. to Mot. to Compel at 1 [Dkt. # 6], and the motion was granted. Plaintiff requested that the action be stayed pending the arbitration, Pl.'s Mot. to Stay [Dkt. # 7], and that motion was granted on January 18, 2012.

The arbitrator found for Fannie Mae on September 20, 2013, and entered a Final Award for defendant. Consent Status Report of Sept. 30, 2013 [Dkt. # 12]. The terms of the Dispute Resolution Policy provided that if plaintiff did not reject the Final Award within thirty days of its issuance, the Final Award would become binding on plaintiff. *Id.* ¶ 6. Plaintiff failed to reject the Final Award within that thirty-day period. Defendant then moved to dismiss this case under

Rule 12(b)(6) or, in the alternative, under Rule 56, asserting that the Final Award was binding upon plaintiff. Def.'s Mot. to Dismiss at 1 [Dkt. # 17]; *see also* Consent Status Report of Dec. 2, 2013 ¶ 7 [Dkt. # 13]. Plaintiff argued that it was not binding because her lawsuit was still pending in this Court. Consent Status Report of Dec. 2, 2013 ¶ 8.

Because binding arbitration decisions are final decisions with preclusive effect for purposes of res judicata, *Camp v. Kollen*, 567 F. Supp. 2d 170, 173 n.6 (D.D.C. 2008), the Court finds that plaintiff has failed to state a claim upon which relief can be granted and will dismiss this case.

## FACTUAL BACKGROUND

When the Court ordered this matter stayed pending the outcome of the arbitration proceedings, the parties were also ordered to file periodic joint reports updating the Court on the status of the arbitration. *See* Minute Orders of Jan. 18, 2012; Apr. 18, 2012; Sept. 26, 2012; Oct. 1, 2012; Feb. 26, 2013; Mar. 4, 2013; June 4, 2013. On September 30, 2013, the parties jointly informed the Court of the outcome of the arbitration. Consent Status Report of Sept. 30, 2013. They filed what they entitled a "Consent Status Report on Arbitration," which stated the following:

> 5. On September 20, 2013, the Arbitrator entered a Final Award in favor of the Respondent, Fannie Mae. The Final Award was served on the Parties on September 23, 2013.
>
> 6. The Final Award is binding on Fannie Mae. However, pursuant to Rule 14 of the Dispute Resolution Policy, Plaintiff has thirty (30) days from the issuance of the Final Award to reject it and to pursue her claims in this Court.
>
> 7. The Parties request that the instant matter be stayed for a period of 60 days within such time, Plaintiff will advise the Court whether she will pursue her claims in this action.

*Id.* at 1–2.

On October 2, 2013, the Court entered a Minute Order stating: "In light of the parties' joint status report, the Court orders the parties to submit a further status report by December 2, 2013, at which time the plaintiff must advise the Court whether she intends to pursue her claims in this action." Since the matter was already stayed, there was no need to enter another order staying the case.

On December 2, 2013, the parties filed the status report that had been ordered on October 2. *See* Consent Status Report of Dec. 2, 2013. They reiterated that under the Dispute Resolution Policy, plaintiff had thirty days from the issuance of the Final Award to reject it and to elect to pursue her claims in Court, and they jointly informed the Court that plaintiff "did not complete and submit a Rejection notice to JAMS and has thus, failed to reject the Final Award within the 30 days of its issuance." *Id.* ¶¶ 6–7.

Based upon that set of circumstances, defendant Fannie Mae asserted that the Final Award had become binding upon plaintiff. *Id.* ¶ 7. But plaintiff took the position "that the 30 days to contest the arbitration award does not apply where there is already a pending case in U.S. District Court, which was then stayed and referred to arbitration, and where the Court then gave the parties until December 2, 2013 to notify the court if plaintiff was proceeding." *Id.* ¶ 8. Plaintiff cited no authority in support of this proposition.[1]

---

1  The December 2, 2013 Consent Status Report was signed only by counsel for defendant Fannie Mae, who stated that "the undersigned counsel for Fannie Mae has conferred with Plaintiff's arbitration counsel . . . which has not to date entered an appearance in this case, and has been authorized to represent that Plaintiff agrees to the matters described in this report." Consent Status Report of Dec. 2, 2013 ¶ 9. But the docket entry for June 6, 2013 reflects that "[i]f after the filing of the next status report on 9/27/2013 this case continues in litigation then attorneys Thad Guyer and Stephani Ayers will either become members of the bar and enter an appearance or they will move for Pro Hac Vice admission."

In the wake of that status report, on December 3, 2013, the Court ordered plaintiff to show cause why the arbitration award was not binding and why the case should not be dismissed, and it provided defendant with an opportunity to respond to plaintiff's submission. Minute Order of Dec. 3, 2013. Plaintiff filed her response to the order on December 20, 2013, Pl.'s Resp. to Order to Show Cause [Dkt. # 14] ("Pl.'s Resp."), and defendant submitted a reply on January 6, 2014, [Dkt. # 15]. Based on its consideration of those submissions and the entire record of the case, the Court concluded that "plaintiff ha[d] failed to supply any grounds for why the arbitration award [was] not binding" upon her, but noted that there was no motion to dismiss pending on which the Court could rule. Order of January 9, 2014 [Dkt. # 16]. The Court then ordered defendant to file a motion upon which it could rule, *id.*, which defendant did on January 17, 2014.[2] On January 21, 2014, the Court ordered defendant to supplement its motion "with the authority that establishes that either dismissal under Rule 12(b)(6) or summary judgment under Rule 56" would be appropriate in this case. Minute Order of Jan. 21, 2014. Defendant responded on January 31, 2014. Def.'s Supplemental Mem. in Supp. of Mot. to Dismiss [Dkt. # 18] ("Def.'s Supp. Mem."). Plaintiff responded to defendant's motion to dismiss on February 10, 2014, Pl.'s Opp. to Defs.' Mot to Dismiss [Dkt. # 19] ("Pl.'s Opp."), and defendant filed a reply on February 19, 2014, [Dkt. # 20].

## DISCUSSION

**I.   Plaintiff's Response to the Court's Order to Show Cause**

In her response to the order to show cause, plaintiff recites most of the chronology above. Pl.'s Resp. at 1–2. She cites the provision in the Dispute Resolution Policy that granted her

---

2   The Court also informed plaintiff that if she wished to file an opposition to defendant's motion to dismiss with the assistance of counsel, she had to be represented by counsel authorized to practice law in this Court. Order of Jan. 9, 2014 at 5–6. To date, no attorney has entered an appearance or moved for admission *pro hac vice* on behalf of plaintiff.

4

thirty days to reject the award and argues that therefore, the arbitration was non-binding. *Id.* at 3. But she does not address the fact that the rules also clearly call for the award to become binding if it is not rejected within the specified timeframe.

It is clear from the record before the Court – in particular, the Consent Status Report dated September 30, 2013 – that plaintiff and her counsel knew that she had thirty days to reject the decision before it became final. The time period was contractual, and plaintiff cites no authority that would indicate that the Court had any power to alter or extend it. More important, in the Consent Status Report, plaintiff did not *ask* the Court to extend it, and in its ruling, the Court did not purport to do so. It simply stated that "in light of the parties' joint status report" – which clearly informed the Court of the deadline – the parties should report back in sixty days as to what had transpired. Minute Order of Oct. 2, 2013.

Furthermore, the representations in the Consent Status Report comport with the express terms of the Dispute Resolution Policy. *See* Ex. 1 to Consent Status Report of Dec. 2, 2013 ¶ 14 [Dkt. # 13-1] ("Dispute Resolution Policy") ("The employee may, *within 30 calendar days of the date of issuance of the Award*, reject it, in its entirety, by sending a completed 'Rejection of Arbitration Award' form to JAMS and [Compliance and Ethics at Fannie Mae] . . . . If the employee does not reject the Award during the 30-day period, the Award becomes binding on both the Company and the employee, and the employee may not bring suit against Fannie Mae . . . .") (emphasis in original); *see also* Attach. C to Pl.'s Resp. ("Rejection of Arbitration Award Form") [Dkt. # 14-4] ("To reject an arbitration decision ('Award') under Fannie Mae's Dispute Resolution Policy, you (or your attorney or representative, if any) must complete and send this form, within 30 calendar days after the Award is issued, to [JAMS/ENDISPUTE and Compliance and Ethics, Fannie Mae]").

5

In the face of this clear language, which plaintiff acknowledges constitutes an enforceable contract, *see* Pl.'s Resp. at 5, plaintiff argues that she did in fact put Fannie Mae on notice of her intention to reject the award even if she did not submit the formal rejection form to JAMS as required. *Id.* at 3–5. Therefore, she states, she substantially performed her contractual obligations. *Id.* at 7–8. But even if plaintiff correctly describes the doctrine of substantial performance, she has not provided the Court with the evidence from which it could find that she performed her obligations under the contract with only trivial or minor omissions. The fact is, plaintiff did not reject the award in any manner within thirty calendar days of the decision, and the emails attached to plaintiff's submission do nothing of the sort. *See* Attach. A to Pl.'s Resp. [Dkt. # 14-2]; Attach. B to Pl.'s Resp. [Dkt. # 14-3].

Attachment A to plaintiff's Response to the Order to Show Cause reflects that on Monday, September 23, 2013, arbitration counsel for plaintiff congratulated counsel for defendant for prevailing in the arbitration and stated: "My calendar shows that the federal court status report is due on September 27th. If you are willing to once again file it, I suggest that we request 30 days for each side to file a brief as to effect of the arbitration award the pending Title VII claim. Let me know if you agree." Attach. A to Pl.'s Resp. at 1. No further communication from that day has been provided, but ultimately, that was not what the parties requested in their September 30 status report: they simply advised the Court of the thirty-day rejection period and asked for another sixty days. Consent Status Report of Sept. 30, 2013 ¶¶ 6–7.

The next set of emails with which the Court has been provided is from the date the next status report was due: December 2, 2013. Attach. B to Pl.'s Resp. at 1–3. At that point, plaintiff appears to have surprised defense counsel by taking the position that she still had the option to pursue her case in court. *See id.* at 1–2. So there is no evidence that plaintiff "substantially"

6

performed her contractual obligation to reject the award within thirty days, and this doctrine appears to have no applicability to the facts.

Since plaintiff has failed to supply any grounds for why the arbitration award is not binding under the terms of the Fannie Mae Dispute Resolution Policy to which plaintiff agreed to be bound, the Court concludes that the award is binding on the plaintiff.

## II. Defendant's Motion to Dismiss

Defendant urges the Court to dismiss this case under Rule 12(b)(6), Rule 56, or the provision of the Federal Arbitration Act governing final awards, 9 U.S.C. § 9. Def.'s Mot. to Dismiss at 1; Def.'s Supp. Mem. at 3. The Court specifically directed the defendant to provide it with the authority that permits it to enter judgment on any of these grounds, *see* Minute Order of Jan. 21, 2014, and defendant has not been very helpful in that regard. But plaintiff has not provided any authority for her contention that her claim should not be dismissed. Rather, she appears to argue – again without legal authority – that she should be excused from her failure to timely object to the Final Award because that failure was the fault of her arbitration counsel. *See* Pl.'s Opp. ¶¶ 13–24; *see also* Ex. 1 to Pl.'s Opp. at 1 (email dated September 23, 2013, reflecting plaintiff's statement to arbitration counsel that she wished to "proceed to Federal Court"); *id.* at 3 (chain of emails dated October 2, 2013, reflecting plaintiff's inquiry to arbitration counsel as to whether she needed to file the rejection notice herself, and attorney Stephani Ayers's response that she "believe[d]" attorney Thad Guyer would "handle" it); *id.* at 5 (email dated December 20, 2013, reflecting this statement by attorney Guyer: "Now I wish we would have filed that little rejection form within the 30 days to avoid all this work.").

Regardless of who bears the responsibility for the failure to act, the fact is that the plaintiff and her counsel were clearly aware of and bound by the terms of the Dispute Resolution

7

Policy, and neither plaintiff nor her counsel took the steps necessary to reject the award within the appropriate time. Thus, the Court finds that plaintiff is bound by the express terms of the Dispute Resolution Policy and that the principle of res judicata requires dismissal of this case under Rule 12(b)(6).

    A. *Plaintiff is bound by the Dispute Resolution Policy.*

The Fannie Mae Dispute Resolution Policy states: "This Policy is an agreement to arbitrate pursuant to the [Federal Arbitration Act ("FAA")]. The Policy will, in all respects, be interpreted, enforced, and governed under the FAA." Ex. 2 to Def.'s Mot. to Dismiss at 6 [Dkt. # 17-2]. "The 'central purpose' of the FAA is 'to ensure that private agreements to arbitrate are enforced according to their terms.'" *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 458 (2003), quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53–54 (1995). To that end, the FAA provides that

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

A "written provision" of the Dispute Resolution Policy provided that plaintiff could, "*within 30 calendar days of the date of issuance of the [Final] Award*, reject [the Award], in its entirety, by sending a completed 'Rejection of Arbitration Award' form to JAMS and the [Office of Corporate Justice]." Ex. 2 to Def.'s Mot. to Dismiss at 5 (emphasis in original). Plaintiff failed to reject the Award within the thirty-day window. Although plaintiff's failure may turn out to be attributable to her arbitration counsel's error, that does not constitute a ground "at law or in equity for the revocation of any contract" – the problem lies not with the agreement itself, but rather with one of the parties. And as plaintiff identifies no other basis that would justify the

revocation of the arbitration agreement, the Court must "enforce[] [it] according to [its] terms." *See Bazzle*, 539 U.S. at 458. Therefore, plaintiff cannot be excused from her failure to object to the Final Award before the contractual deadline.

   *B. Res judicata bars the Court from further considering this case.*

It is a "settled principle that '[t]he decisions of binding arbitration proceedings are final decisions on the merits for purposes of res judicata.'" *Camp v. Kollen*, 567 F. Supp. 2d 170, 173 n.6 (D.D.C. 2008), quoting *Century Int'l Arms, Ltd. v. Fed. State Unitary Enter. State Corp. 'Rosvoorouzheinie'*, 172 F. Supp. 2d 79, 95 (D.D.C. 2001). Defendants have not raised this argument themselves, but "[b]ecause 'res judicata belongs to courts as well as to litigants,' a court may invoke res judicata *sua sponte*." *Amore ex rel. Amore v. Accor, S.A.*, 484 F. Supp. 2d 124, 129 (D.D.C. 2007), quoting *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997). It is appropriate to dismiss a case barred by res judicata under Rule 12(b)(6). *See, e.g.*, *Nader v. Democratic Nat'l Comm.*, 590 F. Supp. 2d 164, 169 (D.D.C. 2008), citing *Stanton*, 126 F.3d at 76–77; *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008).

Because the Final Award of the arbitrator in this case is binding on plaintiff, res judicata applies, and the Court will dismiss this case under Rule 12(b)(6).

## CONCLUSION

The Final Arbitration Award became binding on plaintiff thirty days after it was issued and it constitutes a final decision for purposes of res judicata. Therefore, plaintiff fails to state a claim upon which relief can be granted, and the Court will grant defendant's motion to dismiss. A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: June 20, 2014